972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mary A. ABERNATHY; Kathleen McClain; Ann Smith; Ollie Lee
Williams; Robert Alexander; Diane Baldwin; Betty J.
Barbee; Albert Barbee; Clarence Binns; Cledith Binns;
Vanessa Boating; Theodore R. Booth, Jr.; Barbara Booth;
Chandra Booth; Fabian Booth; Amanda Booth; Brian Booth,
by his next friend Theodore R. Booth, Jr.; Tandra Booth, by
next friend Theodore R. Booth, Jr.; Ruthie Ann Bradford;
Booker Brown; Lucille Brown; Virdie Barnett; Jimmy Lee
Burton; Garry Eugene Butler; Ywantun Butler, by next friend
Pearline McCullough; Martha Campbell; Ruby Cooksey; Doris
Crawford; Eddy Crutcher; Mertha Crutcher; Corinne Dillard;
Gloria Davis; Andie Dotson; James Dotson, by next friend
Dorothy Martin; Claudie N. Ellis; Tamika Ellis, by next
friend Robert Ellis, Jr.; Doris Evans; Wendell Fair; Wendy
Fair, by next friend Dorothy Fair; Evy Foster; L. B.
Foster; Dwight Frazier; Earselean Garrett; Ada L. Graham;
Julia Hall; Pauline Hardnett; Geraldine Harris; Rose
Harshaw; Katrina Harshaw; Makybe Harshaw; Lillie Hattison;
Jessie Hickman; Leona Hickman; Veronica Hicks; Cornelius
Holmes; Earnest Honorable; Debbie Jackson; Rodricus
Jackson; Carolyn Jefferson; Adam Johnson; Eddie Johnson;
Rosa Lee Bins; Lizzie Johnson; Derrick Johnson, by next
friend Lizzie Johnson; Hermese Johnson, by next friend
Lizzie Johnson; John Johnson; Quanita Johnson; Teri L.
Johnson; Bernestine Jones; Elgin King; Louis King;
Victoria King; Corinna Laster; Hattie Lee; Twyla Lee;
Angela Lee, by next friend Hattie Lee; Tyrone Lee, by next
friend Hattie Lee; Arlene Lyons; Teresa Marshall; Ollie Mae
Martin; Marcus Martin, by next friend Ollie Mae Martin;
Doris Martin; Phillip E. Martin; Yolanda Martin; Annie
Mayweather; Curlin McClain; Jacobin Smith McClain; William
Curtis McClain; Leon McCullough; Pearline McCullough;
Theartis McCullough; Thomas McElwee; Clarence Miller; Ollis
McMiller; Paul Nathan; Charles Nelson; April Nelson, by
next friend Ollie Mae Martin; Laura Nelson, by next friend
Ollie Mae Martin; Jimmy Nutt; Mary Nutt; Annie Mae Oliver;
Vaved Oliver; Octavia Overton; Charles Pearson; Dorothy
Perkins; Willie Perkins; Michelle Perkins; Amanda Manda
Perkins; Chris Perkins; Yoase Poole, by next friend
Pearline McCullough; Crystal Perkins, by next friend
Dorothy Perkins; Ernest Purdiman; Gwynne Purdiman; Lois C.
Ray; Elnora Redman; Eric Redman; Gregory Reed; Louise
Rhodes; Oster Rhodes; Robbie Rhodes; Tammie Rhodes;
Bessie Mae Richard; Artishie Richards; Lucy Romes; Carl J.
Romes; Veronica Rene Romes; Walter Romes; Rosby Modene;
Juanita Russell; Antoinotte Evette Scott; Jeraline Scott;
Lucille Smith; Victor L. Smith, by next friend Victoria
King; Willis Smith; Cornell Stephenson; Eugene Summons;
Ida Talbert; Jessie Mae Taylor; Melvin Thomas; Vera
Thomas; Gauilla Waits; Oglesha Waits; Regina Waits; Sheena
Waits; Ronda Waits; Darrell Waits; Charlie Waits;
Shelunda Waits, by next friend Gauilla Waits; Cecil Watson;
Mary Alice Watson; Vernia West; Freddie B. Williams;
Frankie L. Williams; Nathaniel Williams, Jr.; Ray Anthony
Williams; Timothy Williams, by next friend Rose Harshaw;
George Wilson; Tommie Wilson; Calena Wright; Farris Neal
Wright; Melanie Wright; Priscilla Wright; Rubin Wright;
Dorothy Fair; Robert Ellis, Jr.,; Robert Ellis, Sr.;
Dorothy Fair Evans; Virginia Franklin; Mrs. Dwight
Frazier; Louis Jackson, Plaintiffs,
SOUTHWESTERN BELL TELEPHONE CO., Intervenor,
v.
MISSOURI PACIFIC RAILROAD, Appellee,
UNION CARBIDE CORP. Defendant,
STATE of Arkansas, Intervenor,
MISSOURI PACIFIC RAILROAD, Third-Party,
v.
GREAT AMERICAN TRANSPORTATION CORP., Third-Party.
Bettye N. JACKSON, Administratrix of the estate of Bernice
Gardner, Appellant.
 No. 91-3432EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1992.
Filed: August 14, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Bettye Jackson, as administratrix of the estate of Bernice Gardner, appeals the district court's[1] order denying her motion to reopen a long-settled class action and the court's subsequent denial of her motion to amend the order. We affirm.
 
 I.
 
 2
 The underlying case that Jackson sought to reopen was a class action seeking damages caused by exposure to toxic fumes. Gardner was one of the initial members of the class and was being individually represented in the matter by Anthony Bartels. In June 1987, Gardner died. In March 1988, the district court approved a settlement of the class action. On May 22, 1988, John Choate, an attorney for the class representatives, sent a letter to Bartels notifying him that class counsel could not process Gardner's claim unless an estate was opened. The letter expressly stated that "[t]o be able to accept the claim we must have the name of the administrator of her estate since we will have to carry the claim and make any payment to the estate." It also stated: "Please let us know immediately if an estate is being probated for Mrs. Gardner...." Appellees' App. at 7. Three months later, in August 1988, the settlement proceeds were distributed. Because class counsel had not received a response to the May 22 letter, Gardner was removed from the class roster and no share of the settlement proceeds were reserved for her estate. As it turned out, Gardner's representatives did not even file a petition to open an estate until November 1988, three months after all proceeds of the settlement had been distributed.
 
 
 3
 On July 11, 1991, Jackson filed a motion to reopen the class action. In it, she claimed that Gardner was erroneously excluded from the settlement proceeds. The district court denied this motion as untimely and meritless. Jackson then filed a motion to amend the order denying the motion to reopen. The district court also denied this motion. Jackson now appeals the district court's denial of both motions.
 
 II.
 
 4
 Although Jackson did not specify under which rule of civil procedure her motion to reopen fell, we believe it is properly characterized as a Rule 60(b) motion. Her motion to amend was properly labelled a Rule 59(e) motion. The trial court has broad discretion in deciding motions under these rules, and we will not reverse its decisions absent a clear showing of abuse of discretion. Harris v. Arkansas Dep't of Human Servs., 771 F.2d 414, 416-17 & n.3 (8th Cir. 1985). We find no abuse of discretion here. Gardner's representatives have consistently failed to act in a timely manner, both in opening her estate and in bringing the motion to reopen the class action. Additionally, to reopen the case nearly three years after all proceeds were distributed would be unfair to the other class members. The district court was well justified in denying Jackson's motions.
 
 
 5
 We affirm the district court's orders.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas